**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| CHRISTOPHER E. LONGSTRETH, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>ERIC FRANKLIN, Warden, )<br>)<br>Respondent. ) | Case Number CIV-05-1364-C |

## MEMORANDUM OPINION AND ORDER

This *pro se* Petition for Habeas Corpus, brought by a state prisoner under the authority of 28 U.S.C. § 2241, was referred to Magistrate Judge Robert E. Bacharach, consistent with 28 U.S.C. § 636(b)(1)(B). Judge Bacharach ordered Respondent Eric Franklin (Franklin) to file an answer or otherwise respond to the allegations contained in Longstreth's petition. Respondent's timely responsive pleading consisted of a motion to dismiss arguing Petitioner's claim was time-barred and/or that his claim was barred because Petitioner had not pursued his challenge to the disciplinary proceeding in state court as required by 57 Okla. Stat. § 564.1. Judge Bacharach entered a Report and Recommendation (R&R) on March 17, 2006, recommending Respondent's motion be denied. In the R&R, Judge Bacharach noted that either the limitations period did not start until the administrative appeal was complete or that the limitations period was tolled during the administrative appeal process. Judge Bacharach noted that under either scenario, Petitioner had timely filed his action. Judge Bacharach also noted that § 564.1 was not applicable in this case as the disciplinary

proceedings challenged here were final well before that statute became effective. Respondent filed a timely objection, and this matter is now at issue.

Pursuant to 28 U.S.C. § 636(b)(1), when an objection is made to an R&R, the Court must undertake a *de novo* review. In undertaking that review, the Court must consider all evidence in the record and may not merely review the R&R. Northington v. Marin, 102 F.3d 1564, 1570 (10th Cir. 1996). The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

Respondent argues that contrary to Judge Bacharach's R&R, the date on which the limitations period began was September 13, 2004, and, therefore, because the present Petition was not filed until November 21, 2005, it was untimely under 28 U.S.C. § 2244(d)(1). According to Respondent, September 13, 2004, is the proper starting date as it is the date the earned credits may be subtracted. Therefore, Respondent argues, on that date Petitioner is aware of the factual predicate of his claim. In the R&R, Judge Bacharach noted the Tenth Circuit has not directly addressed the issue but that the circuits that have considered it generally delay or toll the start time until the administrative appeals process is completed. The Court finds this approach proper. Indeed, support for tolling the limitations period during the administrative appeal process finds support in the reasoning of 28 § 2244(d)(2), which tolls the limitations period while the pertinent judgment or claim is under collateral

review.[1] Tolling the limitations period supports the goal of encouraging resolution of issues without intervention of the Court.

Contrary to Respondent's arguments, exhaustion of administrative remedies was required before Petitioner could proceed in this Court. See Hamm v. Saffle, 300 F.3d 1213, 1216 (10th Cir. 2002) ("The exhaustion of state remedies includes both administrative and state court remedies."). However, in the case of challenges to prison disciplinary proceedings, the Tenth Circuit has recognized there is no right to judicial appeal of a decision by a disciplinary board and therefore there is no requirement to pursue a state court remedy prior to filing a habeas action in federal court. See Gamble v. Calbone, 375 F.3d 1021, 1026-27 (10th Cir. 2004). Thus, while Petitioner was not required to file a lawsuit in state court prior to filing the present action, he was required to pursue the available administrative appeals. In light of this requirement and the considerations noted above, the Court finds it proper to either delay or toll the running of the limitations period until such time as the administrative process was complete. Accordingly, the Court adopts Judge Bacharach's R&R on this issue and Defendant's Motion to Dismiss on timeliness grounds will be denied.

In the alternative, Respondent argues that Petitioner's claim should be dismissed for failure to comply with 57 Okla. Stat. § 564.1. In pertinent part the statute states:

> A. In those instances of prison disciplinary proceedings that result in the revocation of earned credits, the prisoner, after exhausting administrative remedies, may seek judicial review in the district court of the official residence

---

[1] Indeed, it appears this portion of the statute was the basis for the Fifth Circuit's reasoning in Kimbrell v. Cockrell, 311 F.3d 361 (5th Cir. 2002), one of the cases cited by Judge Bacharach.

> of the Department of Corrections. To be considered by the court, the inmate shall meet the following requirements:
>> 1. The petition shall be filed within ninety (90) days of the date the petitioner is notified of the final Department of Corrections decision in the Department disciplinary appeal process.

Respondent, citing 28 U.S.C. § 2254(c)[2], argues that because Petitioner had a right to file an action under this statute in state court, at the time he filed the present action, he did not properly exhaust available state court remedies and the action should be dismissed. In the R&R Judge Bacharach noted the effective date of § 564.1 was May 10, 2005, and that Petitioner's administrative appeal was complete on November 30, 2004. Judge Bacharach then noted there was no evidence § 564.1 was intended to apply retroactively and that such an application would run counter to the holdings of Phillips v. H.A. Marr Grocery Co., 1956 OK 104, 295 P.2d 765, and Walls v. Am. Tobacco Co., 2000 OK 66, 11 P.3d 626. In these cases the Oklahoma Supreme Court held that where a statute creates substantive rights it should be applied prospectively. Determining that § 564.1 also created substantive rights, Judge Bacharach recommended a finding that that statute should also apply only prospectively and would therefore be unavailable to challenge disciplinary actions that became final prior to its effective date.

The Court finds Judge Bacharach's analysis thorough, well-reasoned, and well-supported by Oklahoma law. Nothing in the language of § 564.1 suggests it is intended to

---

[2] Although the Court cannot locate any Tenth Circuit authority applying this paragraph of § 2254 in a case brought pursuant to § 2241, the Court nonetheless agrees that, to the extent a state process is available, it must be exhausted prior to proceeding in this Court.

apply to cases in which the disciplinary proceedings were already final. Further, to apply the statute here would prevent Petitioner from review by any court. Paragraph 1 of the statute as set out above clearly requires a prisoner to bring a state court action within ninety days of the date the petitioner is notified of the final decision of the Oklahoma Department of Corrections. Here, the date of final decision was November 30, 2004. Ninety days from that date was February 28, 2005, which is more than 2 months prior to the effective date of the statute. Thus, any attempt by Petitioner to proceed in state court would be rejected under the plain language of the statute. Accordingly, the Court finds that any remedy available through § 564.1 was inadequate and Petitioner was not required to exhaust that remedy prior to proceeding in this Court. See Wallace v. Cody, 951 F.2d 1170, 1172 (10th Cir.1991) (finding that where any attempt to seek relief sought in state court would be futile, exhaustion requirement would not be enforced).

This reasoning is in harmony with previous decisions of the undersigned. In Lawrence v. Evans, Case No. CIV-05-653-C (W.D. Okla. Oct. 18, 2005), the undersigned found § 564.1 should apply. In that case, the administrative appeal was final on April 12, 2005, or less than 30 days before the statute became effective. Therefore, Mr. Lawrence could have acted within the ninety-day period and pursued his claim through § 564.1. Thus, prior to the time Petitioner had filed his § 2241 action, a state court remedy was available and unexhausted. Recognizing this fact, Mr. Lawrence requested he be permitted to dismiss his claim without prejudice. In Longstreth v. Franklin, Case No. CIV-05-782-C (W.D. Okla. Mar. 17, 2006), the administrative appeal was complete on November 18, 2004, and the

ninety-day period had elapsed prior to the statute's effective date. Accordingly, the undersigned found that § 564.1 was not available and rejected the respondent's request for dismissal.

The undersigned has also considered the reasoning of Judge Russell in <u>Cotten v. Evans</u>, Case No. CIV-05-1048-R (W.D. Okla. Jan. 3, 2006). In that case, Judge Russell found that if the administrative appeal was final prior to the effective date of § 564.1, the time period for filing an action pursuant to that statute existed for ninety days after the effective date and the failure to act in state court within that time period warranted dismissal of the federal habeas case for failure to exhaust. The Court recognizes the harmony in this approach with the similar extension of the one-year limitations period of the AEDPA[3]; however, the language of § 564.1 clearly requires the state court action to be filed within ninety days of notice that the administrative appeal is complete. Considerations of comity and federalism caution against a federal court creating an exception to a state statute. Further, there is no reason to believe that a state court would accept a federal court's extension of the deadline. In that event, petitioners such as the present one would be left without a remedy through no fault of their own. Given the limited number of cases where the issue can arise, and the Tenth Circuit's historical rejection of requiring exhaustion of state court remedies in prison disciplinary actions, the undersigned finds the approach applied in this case more appropriate. Accordingly, the Court adopts in full Judge Bacharach's R&R

---

[3] Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. No. 104-132, 110 Stat. 1214 (1996).

on the applicability of 57 Okla. Stat. § 564.1.  Respondent's Motion to Dismiss will be denied on this issue.

Upon the Court's de novo review, Respondent's objection is OVERRULED and Magistrate Judge Bacharach's R&R (Dkt. No. 19) is ADOPTED.  Likewise, Respondent's Response to the Petitioner for Writ of Habeas Corpus (Dkt. No. 9) which Magistrate Judge Bacharach properly construed as a Motion to Dismiss (Dkt. No. 16) is DENIED.  The petition is again committed to Magistrate Judge Bacharach under the initial Order of Referral.

IT IS SO ORDERED this 4th day of April, 2006.

ROBIN J. CAUTHRON
United States District Judge